DUCKER, JUDGE:
The claimant, Harlan Hall, a resident of Mount Gay, Logan County, West Virginia, alleges that the Department of Welfare owes him $228.00 for services rendered in connection with the care and maintenance of one Jackie Jeffrey, a sixteen year old boy, from May 7, 1968 until August 13, 1968, in accordance with an order from the Circuit Court of Logan County, West Virginia.
*11 The evidence consists only of the testimony of the claimant and his wife, who referred to a court order or directive of the Circuit Judge through one Clyde White, an employee of the Welfare Department in Logan, but which order could not be found either by the claimant or the Attorney General, there being some confusion as to who signed such an order, whether the regular Circuit Judge, C. C. Chambers, or Special Judge Naaman Aldredge. The employee Clyde White is no longer employed by the Welfare Department and was not available to testify. As documentary evidence is not submitted, the case turns entirely upon the credibility of the evidence of the claimant and his wife.
Claimant and his wife testified as follows:
That the Jeffrey boy, after the death of his grandmother, had been living with his aunt until for some unclear reason he was placed in the custody of the County Welfare authorities; that the said Clyde White brought the boy to the claimant’s home, knowing that the boy knew the claimant’s family only as a long time former neighbor and that said White told claimant the Court had placed the boy in the custody of claimant and his wife, and that claimant and his wife would be paid $58.00 for their services for the month of May 'and $68.00 a month for June and July of 1968; that claimant and his wife were required to take medical examinations in order to qualify as guardians and that the expense for that was $25 for each of them, and that claimant gave him $22 for clothing and $10 traveling expense money when Jeffrey left for the Job Corps. These expense items total up to $276.00, but inasmuch as claimant’s evidence as to the medical examination expense is hardly satisfactory and the claimant has not included such expense within the total amount of his claim, we cannot allow that item.
The State has not denied the claim and has admitted the lack of a proper handling of the matter by> the Welfare Department. As the honesty of the claimant and his wife is apparent and the services unquestionably rendered for the good of the infant and the State, we are of the opinion to, and do hereby award the claimant the sum of $226.00.
Award of $226.00.